OPINION
{¶ 1} Defendant-appellant, Glenn Richard King, Jr., appeals from a Carroll County Common Pleas Court judgment issuing a preliminary injunction enjoining appellant from contacting any current or former customers of appellee, King's Welding 
Fabricating, Inc.
 {¶ 2} Appellee is a closely held corporation that specializes in welding and fabricating. Glenn Richard King, Sr. (King) started and developed appellee. King and his wife are the sole owners of, and hold equal shares in, appellee. King is the president of appellee, and managed the business until he retired in 1995 or 1996. Thereafter, King's son, appellant, took over management of the business.
 {¶ 3} Appellant was appellee's vice-president and had been employed by appellee since its commencement. During his employment, appellant had various responsibilities, including promoting sales, quoting prices, and preparing estimates for customers.
 {¶ 4} Unbeknownst to King, appellant started his own company, ANJ, on July 22, 2005, in direct competition with appellee. Appellant continued to receive a paycheck from appellee through September 9, 2005. Appellant quoted a job on behalf of ANJ for one of appellee's customers, PCC Mentor (PCC), while still employed by appellee. Appellant also quoted the same job on behalf of appellee. Appellant received the job on behalf of ANJ.
 {¶ 5} On October 5, 2005, appellee filed a verified complaint against appellant, asserting four counts: breach of fiduciary duty and/or breach of contract, misappropriation of trade secrets, tortious interference with business relations, and injunctive relief. Appellee contended that unless enjoined by the court, appellant would continue to interfere with its business, and such action would cause appellee to suffer irreparable harm for which there was no adequate remedy at law. On the same day, the court issued an ex parte temporary restraining order.
 {¶ 6} The court held a preliminary injunction hearing where appellant was the only witness to testify. The court granted the preliminary injunction, and counsel for both parties prepared and filed the entry on October 26, 2005. The preliminary injunction specified that appellant cannot have any contact with appellee's current or former customers; however, appellant is permitted to complete any current contracts that are in progress.
 {¶ 7} Appellant filed a timely notice of appeal on November 18, 2005. He asserted a right to an immediate appeal under R.C.2505.02(B)(4), and submitted a jurisdictional memorandum in support. In response, appellee filed a memorandum in opposition to jurisdiction. In a March 9, 2006 journal entry, this court found that "the order granting a preliminary injunction in this case is an appealable order subject to immediate review."
 {¶ 8} Initially we must address appellee's argument that appellant has waived his right to appeal the preliminary injunction. After the preliminary injunction hearing, the court instructed: "I'll charge plaintiff's counsel with the responsibility of submitting an entry that you gentlemen [counsel for both parties] have crafted. At least have Mr. Bell's [counsel for defendant] `submitted' if not approved on it, so that you at least have some interplay on the language." (Tr. 52). Appellee asserts that because both parties negotiated the wording of the preliminary injunction and opposing counsel signed off on the entry, appellant consented to it.
 {¶ 9} Generally, a party to a consent decree, or other judgment entered by consent, cannot appeal the consent judgment unless the party has expressly reserved the right to appeal the contested issues. Killa v. Killa, 7th Dist. No. 03-MA1-01, 2004-Ohio-566, at ¶ 92. The instant case is distinguishable from this rule, however, because appellant did not consent to the granting of the preliminary injunction. The judgment here was not based upon compromise or settlement. Appellant merely followed the court's instructions in negotiating the wording of the preliminary injunction so that the entry would conform to the court's oral judgment. Therefore, appellant has not waived his right to appeal from the judgment granting the preliminary injunction.
 {¶ 10} Appellant raises two assignments of error, the first of which states:
 {¶ 11} "THE TRIAL COURT ERRED IN GRANTING A PRELIMINARY INJUNCTION TO PLAINTIFF, KING'S WELDING FABRICATING, INC."
 {¶ 12} Appellant contends that the trial court erred in granting the preliminary injunction, given that 1) appellee failed to present evidence that ANJ's operations irreparably harmed appellee, and 2) there was evidence that the injunction would harm third parties, namely customers of ANJ, by forcing them to pursue alternative welding suppliers.
 {¶ 13} The purpose behind a preliminary injunction is to preserve the status quo between the parties pending a trial on the merits. Proctor Gamble Co. v. Stoneham (2000),140 Ohio App.3d 260, 267, 747 N.E.2d 268. The party requesting the preliminary injunction must show, by clear and convincing evidence, that "(1) there is a substantial likelihood that the plaintiff will prevail on the merits, (2) the plaintiff will suffer irreparable injury if the injunction is not granted, (3) no third parties will be unjustifiably harmed if the injunction is granted, and (4) the public interest will be served by the injunction." Id. at 267-68. However, no single factor is dispositive. "When there is a strong likelihood of success on the merits, preliminary injunctive relief may be justified even though a plaintiff's case of irreparable injury may be weak. In other words, what plaintiff must show as to the degree of irreparable harm varies inversely with what plaintiff demonstrates as to its likelihood of success on the merits."Cleveland v. Cleveland Elec. Illum. Co. (1996),115 Ohio App.3d 1, 14, 684 N.E.2d 343.
 {¶ 14} The trial court has sound discretion in determining whether to grant injunctive relief, and we will not reverse the court's decision absent an abuse of discretion. Rock of AgesMemorial, Inc. v. Braido, 7th Dist. No. 00-BA-50, 2002-Ohio-605. Abuse of discretion connotes more than an error of law or judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 15} In granting the preliminary injunction enjoining appellant from soliciting business from appellee's former or current customers, the trial court reasoned at the hearing that appellant's act of soliciting business from appellee's customer while still on appellee's payroll was "unconscionable." (Tr. 42, 48). The court did not cite any other reasons for the issuance of the preliminary injunction.
 {¶ 16} First, appellee had to prove by clear and convincing evidence that it had a likelihood of success on the merits. In its complaint, appellee asked for injunctive relief based on the assertion that appellant misappropriated its trade secrets. Pursuant to R.C. 1333.62(A), "actual or threatened misappropriation" of a trade secret may be enjoined. A trade secret is defined as information that (1) "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use" and (2) "is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." R.C.1333.61(D).
 {¶ 17} In this case, appellee did not offer any evidence or testimony to prove that it had information that constituted a trade secret. Specifically, appellee did not offer any evidence or testimony to prove that its customer lists, estimating techniques, or welding techniques were not generally known to, and not readily ascertainable by, the public. Appellee also did not offer any evidence or testimony to prove that it took reasonable efforts to maintain the secrecy of this information. Therefore, appellee did not present clear and convincing evidence that it has a likelihood of success on the merits. Thus, the first element weighs in favor of denying the preliminary injunction.
 {¶ 18} Second, appellee had to prove by clear and convincing evidence that it would suffer irreparable injury if the injunction was not granted. In its verified complaint, appellee asserted that it has lost all of its welding business because of appellant's misappropriation of trade secrets. However, appellee never presented evidence to prove this assertion at the preliminary injunction hearing. Further, appellant offered testimony that he only contracted with customers who could not get their work done by appellee because appellee was unable to handle the workload. Appellant testified:
 {¶ 19} "Q. The reason you eventually started this sole proprietorship out of your home, was what? What were you trying to do when you did that?
 {¶ 20} "A. To keep from losing my customers.
 {¶ 21} "Q. Were these things for customers that King's Welding could no longer handle?
 {¶ 22} "A. Yes sir.
 {¶ 23} "Q. Were these customers, if you know, were they ready to take their work elsewhere?
 {¶ 24} "A. Yes sir." (Tr. 33).
 {¶ 25} Therefore, appellee did not present clear and convincing evidence that it would sustain irreparable injury if the injunction was not granted. Thus, the second element weighs in favor of denying the preliminary injunction.
 {¶ 26} Third, appellee had to prove by clear and convincing evidence that no third parties would be unjustifiably harmed by the granting of the injunction. Appellee did not address this element in its complaint, nor did it offer any evidence to prove that no third parties would be unjustifiably harmed. Appellant, on the other hand, asserts that the customers of ANJ will be harmed by the injunction. Here, appellee did not present evidence or testimony to show that ANJ's customers, specifically PCC, would not be harmed by the injunction. Therefore, appellee did not present clear and convincing evidence that no third parties would be unjustifiably harmed if the injunction was not granted. Thus, the third element weighs in favor of denying the preliminary injunction.
 {¶ 27} Fourth, appellee had to prove by clear and convincing evidence that the public interest would be served by the injunction. Appellee did not specifically address this issue in its complaint or at the hearing. However, the trial court could have determined that there is a public policy interest in punishing appellant. It could have determined that, in light of the fact that appellant started his own company while still working and receiving a paycheck from appellee, the public interest would be served by granting the injunction. Therefore, the court could have concluded that the public interest would be served by granting the injunction. Thus, the fourth element could weigh in favor of granting the preliminary injunction.
 {¶ 28} Based on the above analysis, three out of the four elements, including the first element of likelihood of success on the merits, weigh in favor of denying the preliminary injunction. Therefore, we must conclude that the trial court abused its discretion in granting appellee a preliminary injunction. Appellant should be able to conduct business freely until a decision is rendered at trial. Accordingly, appellant's first assignment of error has merit.
 {¶ 29} Appellant's second assignment of error states:
 {¶ 30} "THE TRIAL COURT ERRED IN ORDERING A PRELIMINARY INJUNCTION THAT BARRED ANJ FROM CONTACTING FORMER CUSTOMERS OF KING'S WELDING FABRICATING, INC."
 {¶ 31} Given our resolution of appellant's first assignment of error, appellant's second assignment of error is moot.
 {¶ 32} For the reasons stated above, the trial court's judgment is hereby reversed, the preliminary injunction is vacated, and the matter is remanded to the trial court for further proceedings pursuant to law and consistent with this opinion.
Waite, J., concurs.
DeGenaro, J., concurs.