[Cite as *Ford v. Baska*, 2017-Ohio-4424.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| RODNEY L. FORD, et al. | ) | CASE NO. 16 HA 0008 |
| | ) | |
| PLAINTIFFS-APPELLANTS | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| NANCY BASKA [SIC, BAKSA], et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from the Court of Common Pleas of Harrison County, Ohio Case No. CVH-2015-0037

JUDGMENT:      Affirmed.

APPEARANCES:

For Plaintiffs-Appellants:      Atty. Joshua E. O'Farrell
Rodney L. Ford & Jeanne E. Ford      Atty. Brandon O. Trent
      Tzangas, Plakas, Mannos, Ltd.
      220 Market Avenue South
      Eighth Floor
      Canton, Ohio 44702

For Defendants-Appellees:      Atty. T. Owen Beetham
Walter W. Graham, Rhonda M. Miller,      146 S. Main Street
Sherri Myers, Cathy Swiger,      P.O. Box 128
John Does 1 [sic], and John Does 2 [sic]      Cadiz, Ohio 43907

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

      Dated: June 19, 2017

WAITE, J.

**{¶1}** Rodney L. and Jeanne E. Ford (collectively referred to as "Appellants") appeal a November 9, 2015 Harrison County Common Pleas Court decision to grant Appellees' Walter W. Graham, Rhonda M. Miller, Sherri Myers, Cathy Swiger, John Does 1 [sic], and John Does 2 [sic] (collectively referred to as "Appellees") motion to dismiss the complaint in this dispute regarding the ownership of mineral rights. Appellants argue that the trial court erroneously dismissed their complaint, because they were bona fide purchasers of both the surface and mineral interests of the subject property. For the reasons that follow, Appellants' arguments are without merit and the trial court's decision is affirmed.

<u>Factual and Procedural History</u>

**{¶2}** This appeal concerns the ownership of minerals located beneath 7.4 acres of land located in German Township, Harrison County. On December 15, 2002, the owner of the subject property, Hilda C. Graham, died. On April 3, 2003, Graham's will was filed in probate court. Pursuant to her will, the surface rights of the property were devised to her daughter, Nancy Baksa. The mineral rights were to be divided among her children as follows: 1/5 to Baksa, 1/5 to Co-Appellee Walter W. Graham, 1/5 to Co-Appellee Mary Jane Cline, 1/5 to Ronald A. Graham, and 1/5 to Co-Appellee Larry E. Graham. On June 20, 2003, the probate court issued a certificate of transfer erroneously listing Baksa as the owner of the property in its entirety.

**{¶3}** On October 16, 2007, Baksa conveyed the property to Appellants. The deed stated that it was "[s]ubject however to all easements, restrictions and

reservations of record." The deed includes a line stating: "Prior Reference: Volume 139, Page 249 Harrison County Official Records." (Emphasis deleted.) (Deed, p. 2.) The reference refers to the June 20, 2003 probate court certificate of transfer.

{¶4} On February 5, 2008, Appellees filed an application to reopen the estate. In the application, Appellees requested the certificate of transfer be amended to reflect that only the surface rights of the property were transferred to Baksa. They also requested in their application that a second certificate of transfer be issued to show the transfer of the mineral rights pursuant to the terms of Graham's will. On the same date, the probate court reopened the estate and issued two certificates of transfer. The first certificate of transfer amended the original certificate to reflect that the property was transferred to Baksa, but specifically excluded the mineral rights. The second certificate transferred the mineral interests pursuant to Graham's will. Accordingly, each of Graham's children received a one-fifth interest in the minerals, except for Ronald Graham who appears to have died. His interest was instead split equally among his heirs: 1/15 to Co-Appellee Sherri Myers, 1/15 to Co-Appellee Cathy Swiger, and 1/15 to Co-Appellee Rhonda Miller.

{¶5} On March 30, 2015, Appellants filed a complaint for breach of warranty deed and seeking declaratory judgment and quiet title against: Baksa, Walter W. Graham, Rhonda Miller, Sherri Myers, Cathy Swiger, John Does 1 [sic], and John Does 2 [sic]. Appellants later voluntarily dismissed Baksa from the action. In lieu of an answer, on June 22, 2015, Appellees filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6). In their motion Appellees argued that Baksa, the sole

signer of the October 16, 2007 deed, lacked authority to transfer the entire mineral interest estate because she did not own the minerals. Appellees based their arguments on the Marketable Title Act ("MTA"), which provides that a will filed in probate court is a recorded instrument. Appellants filed a response arguing that they were bona fide purchasers of the property in its entirety. On November 9, 2015, the trial court granted Appellees' motion to dismiss. This timely appeal followed.

ASSIGNMENT OF ERROR

WHETHER THE TRIAL COURT IMPROPERLY GRANTED DEFENDANTS-APPELLEES' MOTION TO DISMISS PLAINTIFFS-APPELLANTS' RODNEY L. FORD AND JEANNE E. FORD'S COMPLAINT PURSUANT CIV.R. 12(B)(6).

**{¶6}** "A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint." *Youngstown Edn. Assn. v. Kimble*, 2016-Ohio-1481, 63 N.E.3d 649, ¶ 11 (7th Dist.), *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). When reviewing a Civ.R. 12 (B)(6) motion, "the court must accept the factual allegations contained in the complaint as true and draw all reasonable inferences from these facts in favor of the plaintiff." *Kimble, supra,* at ¶ 11, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). In order to grant a Civ.R. 12(B)(6) motion, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753

(1975), syllabus. However, "[i]f there is a set of facts consistent with the complaint that would allow for recovery, the court must not grant the motion to dismiss." *Kimble, supra,* at ¶ 11, citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144, 573 N.E.2d 1063 (1991). An appellate court reviews a trial court's Civ.R. 12(B)(6) decision *de novo. Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶7} As Appellants have voluntarily dismissed Baksa from their lawsuit, there can be no question that the portion of the complaint seeking damages for breach of a warranty deed must fail. Baksa was the lone party defendant to the deed, and there is no allegation in regard to breach of this contract that can possibly apply to these Appellees. The complaint in this regard was properly dismissed. Issues involving declaratory judgment and quiet title are not so easily determined, however.

{¶8} In their sole assignment of error, Appellants contend that the trial court erroneously granted Appellees' motion to dismiss for three reasons. First, Appellants argue that they were bona fide purchasers for value who lacked notice of the Appellees' interests. Second, Appellants argue that the trial court erroneously relied on the MTA instead of the relevant recording statutes. Third, Appellants argue that Appellees are necessary parties to the action as they allege an interest in the property.

{¶9} In response, Appellees contend that the question of whether a party has obtained record marketable title is answered through application of the MTA. Appellees argue that the trial court properly applied the MTA and determined that a

will filed in probate constitutes notice of an interest in mineral rights. Regardless, Appellants' deed referred to the original certificate of transfer, which included the probate court caption and placed Appellants on notice of the will. Appellees contend that even if Appellants are considered bona fide purchasers, they cannot defeat the rights of a person who inherits real property, as such property transfers at the time of a decedent's death.

**{¶10}** At the onset, we note that the trial court reached its decision by conducting a MTA analysis. However, the purpose of the MTA is "to extinguish interests and claims in land that existed prior to the root of title." *Corban v. Chesapeake Exploration L.L.C.*, __ Ohio St.3d __, 2016-Ohio-5796, __ N.E.3d__, ¶ 17. The issue here is not whether Appellees' interests were extinguished. Instead, the issue is whether Appellants had constructive knowledge of Appellees' interests at the time they purchased the property from Baksa. Hence, the MTA does not apply. The question becomes whether Appellants were bona fide purchasers for value.

**{¶11}** " 'A "bona fide purchaser" is one who acquires legal title to real estate for valuable consideration, in good faith, and without knowledge or notice of another's equitable interest in that property.' " *Swallie v. Rousenberg*, 190 Ohio App.3d 473, 2010-Ohio-4573, 942 N.E.2d 1109, ¶ 24, citing *Bergholtz Coal Holding Co. v. Dunning,* 11th Dist. No. 2004-L-209, 2006-Ohio-3401, ¶ 32; *Shaker Corlett Land Co. v. Cleveland*, 139 Ohio St. 536, 41 N.E.2d 243, paragraph three of the syllabus. The crux of this case is whether Appellants had notice of Appellees' interests in these mineral rights at the time Baksa sold them the property.

**{¶12}** The facts in this case are similar to those in *Ferguson v. Zimmerman,* 2d Dist. No. 9426, 1986 WL 878 (Jan. 16, 1986). In *Zimmerman*, the appellant's father died and the probate court issued a certificate of transfer naming her mother as the sole beneficiary of certain real estate. *Id.* at *1. The mother later sold the property to the Zimmerman family before she passed away. *Id.* at *2. Sometime thereafter, the Zimmermans sold the property and asked the appellant to sign a few documents to clear a minor title defect from her father's estate. After contacting an attorney, she filed a complaint against the Zimmermans and argued that she was entitled to a one-fourth interest in the property, as she was a pretermitted heir at the time of her father's death. In response, the Zimmerman family argued that they were bona fide purchasers of the property without notice of her interest.

**{¶13}** On appeal, the *Ferguson* Court explained that:

The principal purpose of the recording statute is to protect a bona fide purchaser, who does not have actual notice at the time of his purchase, against legal claims under unrecorded conveyances and encumbrances. Constructive notice is in legal effect the equivalent of actual notice. Under the recording laws, all persons dealing with the land in question are chargeable with constructive notice of properly recorded instruments in the chain of title. Statements and references contained in instruments in his chain of title bind the owner and he is charged with knowledge he would have obtained from reasonable inquiry. Knowledge sufficient to put a person on inquiry which would

disclose unrecorded facts is sometimes called constructive notice but is treated as actual notice. Actual notice may be inferred from the fact that means of knowledge is available." (Internal citations omitted.)

*Id.* at *5. Hence, the Court found that an examination of the chain of title would have revealed the certificate of transfer and the caption for the underlying probate matter which would have alerted the Zimmermans to the decedent's will and probate documents. Because these documents would have revealed the appellant's interest in the property, the Court found that the Zimmermans were not bona fide purchasers for value. *Id.* at *6.

**{¶14}** Here, as in *Ferguson*, the certificate of transfer included the caption for the underlying probate matter. Reasonable inquiry would have revealed Graham's will, which devised the mineral rights to Appellees. In accordance with *Ferguson*, Appellants are charged with constructive notice of Appellees' interests and are not bona fide purchasers for value. Based on the above, there are no facts alleged within the complaint that would entitle Appellants to relief against these Appellees. Accordingly, Appellants' argument is without merit and is overruled.

## Conclusion

**{¶15}** Appellants argue that they were bona fide purchasers of both the surface and mineral interest rights of the subject property. Pursuant to *Ferguson*, however, Appellants did have notice of Appellees' mineral interests as the certificate of transfer referred to the underlying probate matter. The complaint seeking declaratory judgment and quiet title against Appellees alleges no set of facts on

which they could prevail. Accordingly, Appellants' arguments are without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Robb, P.J., concurs.