[Cite as *Hannibal Dev., L.L.C. v. Monroe Water Sys.*, 2019-Ohio-3697.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

HANNIBAL DEVELOPMENT, LLC,

Plaintiff-Appellant,

v.

MONROE WATER SYSTEMS, et al.,

Defendants-Appellees.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 18 MO 0023

---

Civil Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2018-224.

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed in part. Reversed and Remanded in part.

---

*Atty. Randolph L. Snow, Atty. James M. Wherley, Jr., Atty. Robert B. Preston III*, Black, McCuskey, Souers & Arbaugh, 220 Market Ave. S., Suite 1000, Canton, Ohio 44702, for Plaintiff-Appellant Hannibal Development, LLC.

*Atty. Thomas D. White, Atty. Matthew A. Kearney*, The White Law Office, Co., 209 N. Washington Street, Millersburg, Ohio 44654, for Defendant-Appellee Monroe Water Systems.

*Atty. James L. Peters*, Monroe County Prosecutor, 101 North Main Street, Room 15, P.O. Box 430, Woodsfield, Ohio 43793-0430, for Defendants-Appellees Monroe County Auditor and Treasurer.

Dated: September 11, 2019

---

**WAITE, P.J.**

{¶1} Appellant Hannibal Development, L.L.C. ("Hannibal") appeals a September 27, 2018 Monroe County Court of Common Pleas decision to grant Appellee Monroe Water Systems' ("Monroe Water") Civ.R. 12(B)(6) motion to dismiss. Hannibal argues that the trial court improperly failed to consider its alternative causes of action before granting the motion to dismiss the complaint in its entirety. Hannibal also argues that the court should have granted Hannibal permission to amend the complaint in lieu of dismissal. For the reasons provided, Hannibal's arguments have merit in part. Accordingly, the trial court's dismissal of the contract claims found in counts one, two, and three of the complaint is reversed and this case is remanded for further proceedings on these issues. However, the court's judgment is affirmed as to the dismissal of the Title 7 claim in count one of the complaint.

<u>Factual and Procedural History</u>

{¶2} In July of 2014, Hannibal purchased the former Ormet manufacturing facility ("Ormet") which is located in Monroe County. Ormet was not in use at the time of the purchase nor at anytime during Hannibal's ownership. At the time of purchase, Hannibal informed Monroe Water that it had purchased Ormet and that any bills should be sent to Hannibal. Apparently, Monroe Water suggested that Hannibal pay $5,000 per month until a usage history could be determined.

{¶3} Monroe Water did not send Hannibal a bill until nearly a year later, and Hannibal did not make any payments during that time. This bill sent on May 29, 2015 by

Monroe Water was in the amount of $87,302.24. This bill stated that late fees of $8,730.22 would be added if payment was not timely received. The late fee would raise the total amount to $96,032.46. According to Hannibal, Monroe Water failed to return phone calls regarding this bill. At some point, Hannibal was informed that the amount was due in full and that partial payments would not be accepted. Sometime thereafter, Hannibal discovered and repaired an underground leak that was apparently responsible for the high usage.

{¶4} Initially, Hannibal did not pay the bill and disputed the amount. Monroe Water transferred the balance to the county auditor, who transferred it to the county treasurer. The treasurer placed a lien on the Ormet property in the amount of $228,436.60. It is unclear which portion of this amount derived from usage and which is the result of late fees. Hannibal paid the amount in full to satisfy the lien, but continued to dispute the amount owed. Hannibal subsequently sold the Ormet property after the lien was removed.

{¶5} On June 13, 2018, Hannibal filed a complaint against Monroe Water, Monroe County Auditor, Monroe County Treasurer, and John Does 1-5. The first count of the complaint raised a claim to recover funds paid. This claim is based on an argument that Monroe Water failed to determine the actual amount of usage through reading the meter and failed to provide a quarterly bill to Hannibal, in violation of R.C. 743.04. The complaint also raises alternate theories of breach of implied contract to monitor usage and issue bills in the event that Title 7 of the Revised Code does not apply. The second count of the complaint raises unjust enrichment. The third count requests declaratory

judgment to establish that Hannibal did not owe the amount paid. This claim, presumably focusing on the late fees, requests that these fees be returned to Hannibal.

{¶6} On August 8, 2018, Monroe Water filed a Civ.R. 12(B)(6) motion to dismiss the complaint in its entirety. Monroe Water argued that Hannibal's first count is based on Chapter 7 of the Ohio Revised Code, which does not apply to an independent political subdivision. Because they contended the second and third counts were predicated on the first, Monroe Water argued that they must also be dismissed.

{¶7} On September 27, 2018, the trial court granted Monroe Water's motion. The trial court reasoned that Chapter 7 of the Ohio Revised Code does not apply to a political subdivision pursuant to Chapter 6119. The court decided that Hannibal's second and third counts could not succeed without establishing the Chapter 7 claim. The court did not specifically address Hannibal's implied contract claim. It is from this judgment entry that Hannibal timely appeals.

ASSIGNMENT OF ERROR

The Trial Court erred in granting Appellee's motion to dismiss under Ohio Civ.R. 12(B)(6).

{¶8} Hannibal contends that, even if Title 7 does not apply to Monroe Water, it was error for the trial court to dismiss the entire complaint where alternative contract claims were asserted within the complaint. Hannibal argues that the first count included an alternative claim based on contract and that the second and third counts are also grounded in contract law. Hannibal also argues that the trial court should have allowed them to amend the complaint instead of dismissing it in its entirety.

Case No. 18 MO 0023

{¶9}  Monroe Water responds by arguing that each of Hannibal's claims are rooted in Title 7, which does not apply to them.  While conceding that the unjust enrichment and declaratory judgement claims are not specifically rooted in Title 7, Monroe Water argues that the underlying complaint is based on Title 7.

{¶10}  "A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint."  *Youngstown Edn. Assn. v. Kimble*, 2016-Ohio-1481, 63 N.E.3d 649, ¶ 11 (7th Dist.), citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992).  When reviewing a Civ.R. 12(B)(6) motion, "the court must accept the factual allegations contained in the complaint as true and draw all reasonable inferences from these facts in favor of the plaintiff."  *Kimble, supra*, at ¶ 11, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).  In order to grant a Civ.R. 12(B)(6) motion, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."  *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.  However, "[i]f there is a set of facts consistent with the complaint that would allow for recovery, the court must not grant the motion to dismiss."  *Kimble, supra*, at ¶ 11, citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144, 573 N.E.2d 1063 (1991).

{¶11}  A Civ.R. 12(B)(6) claim is reviewed *de novo.  Ford v. Baska*, 2017-Ohio-4424, 93 N.E.3d 195, ¶ 6 (7th Dist.), citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶12}  Monroe Water is a regional water district that is organized pursuant to Chapter 6119 of the Ohio Revised Code.  Monroe Water contends that R.C. 6119.06

provides that regional water districts "may adopt their own rules and regulations, levy and collect taxes and special assessments, and set their own rates and terms of service." (Emphasis deleted.) (Appellee Brf., p. 9.)

{¶13} In relevant part, R.C. 6119.06 provides:

Upon the declaration of the court of common pleas organizing the regional water and sewer district pursuant to section 6119.04 of the Revised Code and upon the qualifying of its board of trustees and the election of a president and a secretary, said district shall exercise in its own name all the rights, powers, and duties vested in it by Chapter 6119. of the Revised Code, and, subject to such reservations, limitations and qualifications as are set forth in this chapter, such district may:

(A) Adopt bylaws for the regulation of its affairs, the conduct of its business, and notice of its actions;

* * *

(W)(1) Charge, alter, and collect rentals and other charges for the use of services of any water resource project as provided in section 6119.09 of the Revised Code. Such district may refuse the services of any of its projects if any of such rentals or other charges, including penalties for late payment, are not paid by the user thereof, and, if such rentals or other charges are not paid when due and upon certification of nonpayment to the county auditor, such rentals or other charges constitute a lien upon the property so

served, shall be placed by the auditor upon the real property tax list and duplicate, and shall be collected in the same manner as other taxes.

* * *

(BB)  Do all acts necessary or proper to carry out the powers granted in Chapter 6119. of the Revised Code.

**{¶14}**  In relevant part, R.C 6119.09 states:

A regional water and sewer district may charge, alter, and collect rentals or other charges, including penalties for late payment, for the use or services of any water resource project or any benefit conferred thereby and contract in the manner provided by this section with one or more persons, one or more political subdivisions, or any combination thereof, desiring the use or services thereof, and fix the terms, conditions, rentals, or other charges, including penalties for late payment, for such use or services.  Such rentals or other charges shall not be subject to supervision or regulation by any authority, commission, board, bureau, or agency of the state or any political subdivision[.]

**{¶15}**  Hannibal admits that count one is, in part, rooted in Title 7 of the Revised Code.  Thus, the trial court properly dismissed that claim.  However, because Hannibal raised alternative claims grounded in contract law, dismissal of the entire complaint was improper.

**{¶16}** Although count one did raise a Title 7 claim, it also provided: "[a]lternatively, if such water charges are not considered to be taxes or assessments under R.C. 743.04, then Monroe Water breached an implied contract to issue bills to Hannibal within a reasonable time period and to monitor the water usage at the Ormet Facility." (6/13/18 Complaint, p. 6.)

**{¶17}** In relevant part, count two of the complaint, titled "Unjust Enrichment," states:

32. By making the payment referenced above, a benefit was conferred by Hannibal with knowledge by Defendants of the payment and retention of the payment by Defendants under circumstances where it would be unjust to do so.

33. The payment was made due to illegal water bills issued by Monroe Water, which were then used to place an improper lien upon the Ormet Facility.

(6/13/18 Complaint, p. 6.)

**{¶18}** In relevant part, count three of the complaint, titled "Declaratory Judgment" states: "Hannibal did not owe the fees charged by Monroe Water and only paid them, under protest, because a lien was placed upon the Ormet Facility." (6/13/18 Complaint, p. 7.)

**{¶19}** Monroe Water insists that they are entitled to create their own billing procedure as they are not bound by those contained in Title 7. However, the question is not whether Monroe Water violated Title 7. The question is whether Monroe Water

violated its own billing procedures, procedures it created and adopted by Monroe Water presumably pursuant to R.C. 6119. Monroe Water conceded at oral argument that because this matter was dismissed at this early stage in the proceedings, its billing procedures were not made part of the trial court record. As such, the issue of whether Monroe Water breached its own procedures created pursuant to R.C. 6119 cannot be resolved by simply looking to the complaint. Instead, discovery is required to develop Hannibal's claim.

{¶20} As the law requires denial of a Civ.R. 12(B)(6) motion where there exists any set of facts consistent with the complaint that may allow for recovery, the trial court erroneously granted Monroe Water's motion to dismiss the complaint in its entirety. Although the trial court properly dismissed the Title 7 claim, the remaining contract claims cannot be resolved by reviewing the complaint, alone. Accepting all facts alleged by Hannibal as true, there are allegations within the complaint that could allow Hannibal to recover pursuant to law.

{¶21} We note that Hannibal also argues that the trial court should have allowed them to amend the complaint for a more definitive statement of facts in lieu of granting the motion to dismiss the complaint in its entirety. Due to our resolution of Hannibal's other arguments, this issue is moot. Accordingly, Hannibal's sole assignment of error has merit and is sustained.

## Conclusion

{¶22} Hannibal argues that the trial court erroneously failed to consider the alternative contractual causes of action before it granted a Civ.R. 12(B)(6) motion to dismiss the complaint in its entirety. For the reasons provided, their argument regarding

the contractual claims raised in the complaint has merit. Accordingly, the trial court's judgment as to these claims is reversed and remanded for further proceedings concerning these issues according to law and consistent with this Court's Opinion. However, the trial court's dismissal of the direct Title 7 claim is affirmed.

Donofrio, J., concurs.

D'Apolito, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained in part and overruled in part.  It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is affirmed in part as to the Title 7 claim and reversed in part as to the contract claims.  We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion.  Costs to be taxed against the Appellees.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**