[Cite as *Mosco v. DiMichaelangelo*, 2024-Ohio-3079.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

LOUIS MICHAEL MOSCO,

Plaintiff-Appellant,

v.

PAMELA JEAN DiMICHAELANGELO,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0024**

---

Civil Appeal from the
Court of Common Pleas, Domestic Relations Division, of Mahoning County, Ohio
Case No. 2023 DR 00189

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Charles E. Dunlap,* for Plaintiff-Appellant and

*Atty. Robyn R. Gallitto,* Biviano Law Firm, for Defendant-Appellee.

Dated:  August 12, 2024

**DICKEY, J.**

{¶1} Appellant, Louis Michael Mosco, appeals from the December 20, 2023, January 25, 2024, and January 30, 2024 judgments of the Mahoning County Court of Common Pleas, Domestic Relations Division, dismissing his 2023 complaint for divorce since he and Appellee, Pamela Jean DiMichaelangelo, were already granted a dissolution in the Superior Court of Guam in 2004, Case No. DM 1584-04. On appeal, Appellant asserts the trial court erred in granting Appellee's Civ.R. 12(B)(6) motion to dismiss and giving full faith and credit to the Guam judgment. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} Appellant and Appellee were married on April 25, 1998 in Las Vegas, Nevada. They resided in Franklin County, Ohio. No minor children were born as issue of the marriage.

{¶3} In August of 2004, the parties jointly and voluntarily participated in a dissolution in the Superior Court of Guam, an unincorporated territory of the United States. They were assisted by a local Guam attorney. The parties never lived in nor traveled to Guam. Both parties signed all requisite forms including a "Residency Waiver Pursuant to Title 19 § 8318," the "Final Judgment for Dissolution of Marriage," and the "Marital Separation (Termination) and Property Settlement Agreement With No Dependent or Minor Children." Appellant also signed a "Respondent's Consent to Dissolution of Marriage."

{¶4} After reviewing the parties' paperwork, the Superior Court of Guam issued a final judgment for dissolution of marriage on October 15, 2004. Paragraph two of that final judgment states, "2. Plaintiff and Respondent signed and filed a Waiver of Objections to Jurisdiction of Superior Court of Guam to Grant Divorce or Dissolution of Marriage." (10/15/2004 Final Judgment, p. 1). Neither party appealed that judgment nor filed any post-judgment motions.

{¶5} Nearly 20 years later, Appellant questioned the validity of the Guam judgment. On April 27, 2023, Appellant filed a complaint for divorce without children in the Mahoning County Court of Common Pleas, Domestic Relations Division. Appellant

asserted he has been a resident of the State of Ohio for at least six months and a resident of Mahoning County for at least 90 days. Appellant alleged the October 15, 2004 final judgment issued by the Superior Court of Guam is null and void because: (1) under current Guam law, 19 G.C.A. § 8318(a), neither party was a resident of Guam for 90 days before the filing of the complaint for dissolution; and/or (2) under current Guam law, 19 G.C.A. § 83813(b), neither party was a resident of Guam for seven days after the filing of the complaint for dissolution.

{¶6} On June 28, 2023, Appellee filed a Civ.R. 12(B)(6) motion to dismiss. Appellee asserted Appellant's complaint fails to state a claim upon which relief can be granted because there is no marriage upon which to grant a divorce as the parties' marriage was already terminated by the Superior Court of Guam in 2004. Appellee stresses Appellant is relying on "current Guam law (but not the law as it read in 2004)" to support his argument that the Superior Court of Guam lacked jurisdiction to issue a final judgment and "fails to disclose that [Appellant] himself signed the required waiver and consent." (6/28/2023 Appellee's Motion to Dismiss, p. 2).

{¶7} At the time of their dissolution in 2004, neither party was required to be a resident of Guam because Appellant consented and the appropriate waivers were signed. The applicable Guam law in effect in 2004, and constitutional at that time, "19 G.C.A. § 8319, Residence, presumption of jurisdiction," provided:

> In actions for dissolution of marriage, neither the domicile nor residence of the husband shall be deemed to be the domicile or residence of the wife. For purposes of such an action, each may have a separate domicile or residence depending upon proof of the fact and not upon legal presumptions. Physical presence in Guam for ninety (90) days next preceding the commencement of the action or next preceding the entry of the final decree of divorce shall give rise to a conclusive presumption of residence in Guam as required by § 8318 of this Chapter. Allegations and proof of residence or other compliance with the requirements of § 8318 of this Chapter need not be plead or proved in any divorce or dissolution of marriage granted upon the consent of the Defendant, and the court need make no findings as to residency of any party to a divorce or dissolution of

marriage or as to compliance with the requirements of § 8318 of this Chapter in any divorce or dissolution of marriage granted upon the consent of the Defendant. Residency must be pled and proved in all divorces or other actions for dissolutions of marriage to which the defendant does not consent. Only the parties (i.e., the husband or wife), and no other person nor the court can raise the issue of nor object to the jurisdiction of the Superior Court of Guam in an action for divorce or dissolution of marriage, residence of the parties, or other compliance with § 8318 of this Chapter in any case where the defendant has consented to the divorce or dissolution of marriage. The Superior Court of Guam is presumed to have jurisdiction over any action for divorce or dissolution of marriage which may be filed in the Superior Court of Guam and to which the defendant consents.

19 G.C.A. § 8319; (Defendant's Exhibit F).

**{¶8}** On August 1, 2023, Appellant filed a brief in opposition to Appellee's motion to dismiss. Appellant alleged the Guam statute is unconstitutional, the Guam dissolution is void ab initio, and it should not be entitled to full faith and credit in Ohio.

**{¶9}** Following a hearing, the magistrate filed an order on September 27, 2023 denying Appellee's motion to dismiss. Appellee filed a motion to set aside the magistrate's order alleging that "[t]he Magistrate misunderstood the law in Guam as it read in 2004." (10/6/2023 Appellee's Motion to Set Aside, p. 2). Appellant filed a motion in opposition on October 27, 2023.

**{¶10}** Following a hearing, on December 20, 2023, the trial court held Appellant's complaint for divorce would be dismissed if Appellee filed the October 15, 2004 Guam final judgment as attested to by the judge of the Superior Court of Guam within 60 days. Appellee complied and filed the required certificate on January 23, 2024. Two days later, the trial court filed a judgment, stating:

> On January 23, 2024, the court received the required certificate of a judge of the Guam Superior Court that the attestation of the parties' Final Judgment for Dissolution of Marriage is in proper form as required by 29 U.S.C. section 1738. As such, the court grants full faith and credit to the

Guam judgment. The court sets aside the magistrate's order filed September 27, 2023, and dismisses the divorce action.

(1/25/2024 Judgment Entry).

**{¶11}** Five days later, the trial court filed a nunc pro tunc judgment, stating: "Pursuant to Ohio Civil Rule 60(A), the court hereby corrects the judgment entry filed on January 25, 2024 to reflect the correct code, 28 U.S.C. section 1738." (1/30/2024 Nunc Pro Tunc Judgment Entry). The remainder of the court's January 25, 2024 judgment was unchanged.

**{¶12}** Appellant filed a timely appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN DISMISSING THE PLAINTIFF'S COMPLAINT PURSUANT TO 28 USC § 1738.**

**{¶13}** In his sole assignment of error, Appellant argues the trial court erred in granting Appellee's Civ.R. 12(B)(6) motion to dismiss. Appellant raises three issues: (1) "28 USC § 1738 is a federal court rule and is not applicable to Ohio Common Pleas Court proceedings"; (2) "United States Constitution Article IV, Section 1, Full Faith and Credit controls the relationship between states"; and (3) "Full faith and credit may be denied if a court lacked jurisdiction".

**{¶14}** In order to determine whether the trial court improperly granted the motion to dismiss, we must initially review the procedural requirements pursuant to Civ.R. 12(B)(6). *See Rose v. Cochran*, 2012-Ohio-1729, ¶ 10 (4th Dist.).

> "A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint." *Youngstown Edn. Assn. v. Kimble*, 2016-Ohio-1481, 63 N.E.3d 649, ¶ 11 (7th Dist.), citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992).

Case No. 24 MA 0024

When reviewing a Civ.R. 12(B)(6) motion, "the court must accept the factual allegations contained in the complaint as true and draw all reasonable inferences from these facts in favor of the plaintiff." *Kimble, supra*, at ¶ 11, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). In order to grant a Civ.R. 12(B)(6) motion, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. However, "[i]f there is a set of facts consistent with the complaint that would allow for recovery, the court must not grant the motion to dismiss." *Kimble, supra*, at ¶ 11, citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144, 573 N.E.2d 1063 (1991).

A Civ.R. 12(B)(6) claim is reviewed de novo. *Ford v. Baska*, 2017-Ohio-4424, 93 N.E.3d 195, ¶ 6 (7th Dist.), citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

*O'Bradovich v. Hess Ohio Devs., LLC*, 2021-Ohio-1287, ¶ 8-10 (7th Dist.).

**{¶15}** 28 U.S.C.A. § 1738, "State and Territorial statutes and judicial proceedings; full faith and credit," states:

The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C.A. § 1738.

{¶16} It is undisputed that Guam is an unincorporated territory of the United States. 48 U.S.C.A. § 1421a. In this matter, the Superior Court of Guam issued a final judgment decree of dissolution in 2004. That judgment, once attested to by the clerk and bearing the seal of the court annexed together with a certificate of a judge of the court that the said attestation is in proper form, was properly given full faith and credit in Ohio by the Mahoning County Court of Common Pleas, Domestic Relations Division, i.e., the requisite procedure under 28 U.S.C.A. § 1738.

{¶17} Ohio recognizes foreign judgments, including the Guam final judgment in the case at bar. R.C. 2329.022, "Filing foreign judgments; effects," states:

A copy of any foreign judgment authenticated in accordance with section 1738 of Title 28 of the United States Code, 62 Stat. 947 (1948), may be filed with the clerk of any court of common pleas. The clerk shall treat the foreign judgment in the same manner as a judgment of a court of common pleas. A foreign judgment filed pursuant to this section has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas and may be enforced or satisfied in same manner as a judgment of a court of common pleas.

R.C. 2329.022.

{¶18} It follows that a United States territory is included to receive full faith and credit since R.C. 2329.022 incorporates 28 U.S.C.A. § 1738 which mentions territories. Although Appellant claims 28 U.S.C.A. § 1738 is not applicable to Ohio courts because it

is a federal court rule, the Ohio Revised Code clearly cites and incorporates the procedure of 28 U.S.C.A. § 1738.

{¶19} In 1939, Ohio enacted a modified version of the Uniform Judicial Notice of Foreign Law Act, which, in pertinent part, states: "Every court of this state shall take judicial notice of the statutes of every state, territory, and other jurisdiction of the United States." *See Litsinger Sign Co. v. American Sign Co.*, 11 Ohio St.2d 1, 5 (1967). Ohio recognizes other states' and territories' judgments, decrees, and orders.

> Ohio courts are required to honor judgments from foreign states pursuant to the Full Faith and Credit Clause, Section 1, Article IV, United States Constitution. Ohio's Uniform Enforcement of Foreign Judgment Act, R.C. 2329.021 et seq., sets forth Ohio's obligations under the Full Faith and Credit Clause and its federal statutory codification in Section 1738, Title 28, U.S.Code. "The doctrine of full faith and credit requires that the state of Ohio give to [. . .] judicial proceedings of another state the same faith and credit as they have by law or usage in the courts of the state from which they are taken." *Holzemer v. Urbanski* (1999), 86 Ohio St.3d 129, 712 N.E.2d 713, syllabus.

> The United States Supreme Court has explained, "The concept of full faith and credit is central to our system of jurisprudence. Ours is a union of States, each having its own judicial system capable of adjudicating the rights and responsibilities of the parties brought before it. Given this structure, there is always a risk that two or more States will exercise their power over the same case or controversy, with the uncertainty, confusion, and delay that necessarily accompany relitigation of the same issue." *Underwriters Natl. Assur. Co. v. North Carolina Life & Acc. & Health Ins. Guar. Assn.* (1982), 455 U.S. 691, 703–704, 102 S.Ct. 1357, 71 L.Ed.2d 558. Thus, in order to protect the finality of judgments and prevent conflict or confusion, we are generally bound to honor judgments from foreign states. [An out of state or territory] judgment therefore must be given the same credit and res judicata effect in Ohio as it would hold in [that state or

territory]. *Durfee v. Duke* (1963), 375 U.S. 106, 109, 84 S.Ct. 242, 11 L.Ed.2d 186.

*Fifth Third Bank, N.A. v. Maple Leaf Expansion, Inc.*, 2010-Ohio-1537, ¶ 11-12 (7th Dist.); *see also Feore v. Feore*, 627 So.2d 411, 414 (Ct. of Civ. Appeals of Alabama 1993) (holding the Alabama trial court properly recognized the existence of a Guam divorce decree); *Gray v. Gray*, 2001 WL 1097716, *1 (Ct. of Appeals of Utah 2001) (holding the final judgment of divorce entered by the Superior Court of Guam was entitled to full faith and credit under Article 4, Section 1, of the United States Constitution and the appellant could not later maintain a divorce action in Utah because there already was a final judgment of divorce entered by a court of competent jurisdiction in Guam); *In re Marriage of Phillips*, 2014 WL 6436558, *2 (4th Dist. Ct. of Appeals of California 2014) (holding because the parties' Gaumanian divorce was valid in Guam, it is entitled to full faith and credit in California).

**{¶20}** Appellant stresses that full faith and credit may be denied if a court lacked jurisdiction. However, the record reveals Appellant voluntarily submitted to the jurisdiction of Guam in 2004 and thus, cannot now complain of a lack of jurisdiction. *See* R.C. 2329.91(C)(3) ("A foreign country judgment shall be considered conclusive, and shall not be refused recognition and enforcement for lack of personal jurisdiction, if . . . [p]rior to the commencement of the proceedings, the defendant agreed to submit to the jurisdiction of the foreign court with respect to the subject matter involved") *see also Mullinix v. Mullinix*, 2023-Ohio-1053, ¶ 23 (10th Dist.) (holding a litigant may not collaterally attack a divorce decree based upon the lack of subject matter jurisdiction when the factual predicate for such jurisdiction was originally admitted).

**{¶21}** At oral argument, Appellant's counsel stressed that people cannot create jurisdiction, but rather only Congress can via statutes. We agree. However, Congress did in fact make a statute in Guam that was in effect in 2004 giving non-residents subject matter jurisdiction. The parties here properly executed waivers to waive their personal jurisdiction.

**{¶22}** Again, both parties signed all requisite forms per Guam law in 2004, including a "Residency Waiver Pursuant to Title 19 § 8318," providing:

The Respondent [Appellant] hereby conclusively waives any objections which she/he may have as to the jurisdiction of the court to grant a divorce or dissolution of marriage to either one or both of the parties, which waiver shall conclusively bar any future attack upon the jurisdiction of the court to grant a divorce or dissolution of marriage to the parties pursuant to the provisions of the codes of Guam, and the court shall grant a divorce or dissolution of marriage based upon the consent of the Defendant <u>regardless of whether either of the parties meet any of the foregoing residency requirements</u>, and shall grant a divorce or dissolution of marriage <u>even if neither party is a resident</u> of Guam upon the consent of the Defendant/Respondent.

(Emphasis sic) (10/15/2004 "Residency Waiver Pursuant to Title 19 § 8318") (Defendant's Exhibits B, E).

**{¶23}** As stated, the Superior Court of Guam issued a final judgment for dissolution of marriage on October 15, 2004.  Paragraph two of that final judgment states, "2. Plaintiff and Respondent signed and filed a Waiver of Objections to Jurisdiction of Superior Court of Guam to Grant Divorce or Dissolution of Marriage."  (10/15/2004 Final Judgment, p. 1).  Neither party appealed that judgment nor filed any post-judgment motions.

**{¶24}** It is true that *after* the parties obtained their decree of dissolution in 2004, Guam law changed with respect to residency requirements.  However, at the time of their dissolution, neither party was required to be a resident of Guam because Appellant consented and the appropriate waivers were signed under 19 G.C.A. § 8319.  This court stresses that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective."  R.C. § 1.48; *Carney v. Shockley*, 2014-Ohio-5830, ¶ 24 (7th Dist.).

**{¶25}** Because there exists a final judgment for dissolution of marriage issued by the Superior Court of Guam in 2004, there is currently no marriage relationship for the Mahoning County Court of Common Pleas, Domestic Relations Division, to terminate. The Guam judgment is entitled to the protection of the historic principle of conclusiveness or finality of judgments.  *See Cyclops Corp. v. Derrick Petroleum, Inc.*, 1986 WL 6446, *3

(5th Dist. May 29, 1986) ("The doctrine of the conclusiveness of final judgments rests upon the necessity that there be an end to litigation.")

**{¶26}** Appellant is estopped from requesting a divorce under the doctrines of laches and res judicata. *See Connin v. Bailey*, 15 Ohio St.3d 34, 35 (1984), quoting *Smith v. Smith*, 107 Ohio App. 440, 443-444 (1957) ("'Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. It signifies delay independent of limitations in statutes. It is lodged principally in equity jurisprudence."); *Westward Auto, Inc. v. Ohio Motor Vehicle Salvage Dealers Licensing Bd.,* 2000 WL 126672, * 7 (7th Dist. Jan. 18, 2000), citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995) (regarding res judicata, "a final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.")

**{¶27}** Upon consideration, the trial court did not err in giving full faith and credit to the 2004 Guam final judgment for dissolution and dismissing Appellant's complaint for divorce filed nearly 20 years later.

**{¶28}** Appellant's issues are without merit.

## CONCLUSION

**{¶29}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The December 20, 2023, January 25, 2024, and January 30, 2024 judgments of the Mahoning County Court of Common Pleas, Domestic Relations Division, dismissing Appellant's 2023 complaint for divorce and giving full faith and credit to the 2004 Guam final judgment for dissolution are affirmed.

Waite, J., concurs.

Robb, P.J., concurs.

Case No. 24 MA 0024

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgments of the Court of Common Pleas, Domestic Relations Division, of Mahoning County, Ohio, are affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**