[Cite as *Dunn v. W. Roofing Sys., Inc.*, 2024-Ohio-4856.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

KRISTY L. DUNN ET AL.,

Plaintiffs-Appellants,

v.

WEST ROOFING SYSTEMS, INC. ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MO 0024**

---

Civil Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. CVD 2023-203

**BEFORE:**
Cheryl L. Waite, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Margaret T. Whitmore-Ribiero* and *Atty. Todd M. Jackett*, Nager, Romaine & Schneiberg Co., LPA, for Plaintiffs-Appellants Kristy L. Dunn and I.S.

*Atty. Brianna M. Prislipsky*, *Atty. Ronald A. Fresco* and *Atty. Brian D. Sullivan*, Reminger Co., L.P.A., for Defendant-Appellee West Roofing Systems, Inc.

*Atty. Dave Yost*, Ohio Attorney General and *Atty. Denise A. Corea*, Assistant Ohio Attorney General, for Defendant-Appellee Bureau of Workers' Compensation

Dated: September 26, 2024

**WAITE, J.**

{¶1} Appellants Kristy L. Dunn and her minor child I.S. appeal the November 15, 2023 decision of the Monroe County Court of Common Pleas to grant Appellee West Roofing Systems, Inc.'s ("West Roofing") motion to dismiss their appeal from a decision arising out of Appellee Bureau of Workers' Compensation's ("BWC"), Industrial Commission. We note that the court did not rule on Appellee BWC's similar motion, which was based on the same grounds as those in West Roofing's motion to dismiss. Appellants argue that the law does not preclude them from filing for death benefits, as they are members of the deceased's family pursuant to the relevant statute. For the reasons provided, Appellants' arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2} At the outset, we note that the record on appeal is incomplete due to the fact that the matter was dismissed on the basis of a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. Notably, it appears the entire BWC file relevant to the investigation is absent from the record. The only documents available for review are several "records of proceedings," which include limited excerpts of the evidence presented at the hearing and the final determination. Hence, we rely on these records of proceedings in our recitation of the facts.

{¶3} On October 18, 2021, the decedent, Adam C. Mills, was employed by West Roofing to conduct roof repair or replacement on what is referred to as the Hannibal construction site in Monroe County. On the site, a large hole was cut into the roof of a

building during the project. For safety purposes, this hole had two markings: a "warning line," and "live edge zone." It is unclear what these "lines" and "zones" represent or how they are marked, as photographs of the scene are not in the record, although they apparently were offered as evidence at some point during the administrative hearings. While "fall protection equipment" was available to the workers, the record is unclear as to the quantity or exact nature of this equipment.

{¶4} On the day of the incident, Mills walked through the active work zone, past the "warning line" and "live edge zone," without any fall protection equipment. He fell through the hole, thirty feet, to his death. An autopsy was conducted and a toxicology report was prepared. Those reports are not in the record, however, one of the "record of proceedings" provides that "[t]the toxicology portion revealed the presence of the following chemicals/substances: Amphetamine, Tetrahydrocannibinol, 11-Carboxy-Tetrahydrocannabinol, Buprenorphine, Norbuprenorphine, and 11-Hydroxy-Tetrahydrocannabinol." (6/10/23, pp. 1-2.)

{¶5} Several different physicians testified at various administrative hearings and/or provided an affidavit or report. In one, E.A. DeChellis, D.O. "opines that the documented positive confirmed substances found in the Decedent's body after the fatal event, in the amounts documented, would significantly impair the Decedent's ability to function. Dr. DeChellis concludes that the Decedent's intoxication with the above drugs are the direct and proximate cause of the work injury." (6/10/23 Record of Proceedings, pp. 1-2.) "Dr. Patel opines that the Decedent 'was under the influence of multiple substances which combined impaired his cognitive ability and unfortunately resulting in a fatal fall while working at a site.' " (4/7/23 Record of Proceedings, p. 2.) In addition, it

was determined at the administrative level that there was no evidence any of these substances were prescribed to Mills by a physician. Thus, a determination was made that "the evidence on file fails to establish that the Decedent's death resulted from an injury sustained in the course of and arising out of employment." (6/10/23 Record of Proceedings, p. 1.)

{¶6} The BWC also considered whether Mills' fiancé and her daughter (Appellants) were members of his family or were otherwise dependents who would fall within the parameters of R.C. 4123.59(D). Only if it was determined that they were, in fact, dependents of Mills could Appellants pursue death benefits. Ultimately, it was determined that the presumption of dependency was not established, and that neither Appellant (the fiancé) nor her daughter were Mills' dependents. Thus, their claim was denied on that basis, also.

{¶7} Appellants pursued the available administrative appeals, which were denied for the same reasons. On April 25, 2023, a district hearing officer affirmed denial of Appellants' claim. On June 1, 2023, an appeal to a staff hearing officer obtained the same result. Exhausting their BWC administrative avenues, on August 24, 2023, an appeal of the administrative denial was filed in the Monroe County Court of Common Pleas.

{¶8} On September 6, 2023, West Roofing filed a motion to dismiss the appeal on two procedural grounds. First, it asserted that Appellants lacked standing to file a further appeal to the court, as only the executor of an estate is entitled to file such action, and neither Appellant was the executor of Mills' estate. Second, while Appellees conceded that the determination of whether Mills died within the course of his employment was an appropriate matter for administrative appeal, the determination of whether

Appellants qualified as dependents can only be resolved through mandamus and is not a matter that may be appealed to the common pleas court. On November 13, 2023, BWC filed a separate motion to dismiss on the same grounds as West Roofing.

{¶9} On November 15, 2023, the trial court granted West Roofing's motion to dismiss. The trial court did not rule on BWC's identical motion, which resulted in its filing a motion to dismiss here, based on the lack of a final appealable order. We overruled the motion to dismiss, because both motions to dismiss, West Roofing's and BWC's, were virtually identical. Thus, any decision by the trial court to grant one motion operated to grant the other.

{¶10} While on appeal, Appellants requested and received two extensions in which to file their brief. Briefing was then paused due to BWC's motion to dismiss, and two extensions were granted to file a response to the motion to dismiss and reply brief. After the denial, West Roofing filed their brief beyond the deadline, which we accepted despite failure to file a request for leave.

ASSIGNMENT OF ERROR

The Trial Court erred in granting Appellee's Motion to Dismiss.

{¶11} Appellants actually raise two separate arguments under their single assignment of error. As to the trial court's decision that a dependency determination may only be brought through mandamus, Appellants' first argue that in their complaint they never contested the dependency determination, so the issue was not in front of the trial court. Second, they assert that they are "not stepping into the shoes of Mr. Mills to pursue

his claim * * * but are pursuing their own claim for death benefits." While Appellants believe these two arguments are separate, they are intertwined.

{¶12} "A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint." *Youngstown Edn. Assn. v. Kimble*, 2016-Ohio-1481 (7th Dist.), citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). When reviewing a Civ.R. 12(B)(6) motion, "the court must accept the factual allegations contained in the complaint as true and draw all reasonable inferences from these facts in favor of the plaintiff." *Kimble, supra*, at ¶ 11, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). In order to grant a Civ.R. 12(B)(6) motion, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. However, "[i]f there is a set of facts consistent with the complaint that would allow for recovery, the court must not grant the motion to dismiss." *Kimble* at ¶ 11, citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144 (1991). A Civ.R. 12(B)(6) claim is reviewed de novo. *Ford v. Baska*, 2017-Ohio-4424, ¶ 6 (7th Dist.), citing *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5.

{¶13} "Lack of standing must be timely raised by a motion under Civ.R. 12(B)(6)." *Youngstown Edn. Assn. v. Kimble*, 2016-Ohio-1481, ¶ 10 (7th Dist.). A party has standing to invoke the jurisdiction of the court if he has, in an individual or representative capacity, some real interest in the subject matter of the action. *Id.* at ¶ 12, citing *State ex rel. Dallman v. Court of Common Pleas*, 35 Ohio St.2d 176 (1973), syllabus.

{¶14} The essential question in this appeal of the dismissal of Appellants' complaint is whether Appellants, the Decedent's fiancé and her daughter, have standing to appeal the BWC's decision that they are not entitled to benefits due to the death of Mills and/or that Mills' death did not arise in the scope of employment. We note that the BWC's decision is two pronged: 1) the Decedent died as a result of intoxication and the effect of illegal drugs, thus his death was not caused by an act within the course of employment, and 2) Appellants were not members of the decedent's family as described with the relevant statute and so, could not be entitled to benefits. The focus of the dismissal was Appellants' standing in this matter.

{¶15} Appellants conceded during motion practice before the trial court that dependency can only be established, if denied administratively, through mandamus. They admit they did not, at any time, pursue a mandamus action to establish their alleged status as dependents. They argue on appeal that this failure should not weigh against them, as they can still file a mandamus action. This argument overlooks the fact that without first establishing their dependency, they lack status to file any action related to this matter in the common pleas court.

{¶16} It is axiomatic that workers' compensation death benefits are a creation of statute under Ohio law. As a result, a person attempting to collect these benefits must adhere to the confines of these statutes. Recovery of any kind is limited to that which these statutes expressly permit.

{¶17} Appellants repeatedly cite to R.C. 4123.512 to support their claims that an action for death benefits is properly filed before the common pleas court. While this assertion is generally true, the scope of this statute is very narrow. R.C. 4123.512(A)

provides appropriate claimants with the opportunity to appeal an industrial commission decision to the trial court. In relevant part, R.C. 4123.512(A) provides:

> The claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state, or in which the contract of employment was made if the exposure occurred outside the state.

{¶18} Hence, only certain issues may be further appealed to the common pleas court from the administrative agency. These are issues regarding a claimant's right to participate in the fund; to receive benefit payments at all for a covered injury. However, this statute only provides a right to appeal so long as it is brought by the appropriate claimant. Thus, a person seeking an appeal to the court under this statute must first demonstrate that they are an appropriate claimant in order for the court to obtain jurisdiction to hear the appeal.

{¶19} There are two statutes which provide compensation to the dependents of a deceased worker: (1) R.C. 4123.60, which provides compensation to an eligible worker that he or she was entitled to receive due to work-related injuries prior to death and (2) R.C. 4123.59, which provides death benefits. *Lagent v. Sticker Corp.*, 2011-Ohio-6094, ¶ 25 (11th Dist.). While Appellants rely on caselaw relative to R.C. 4123.60, it is abundantly clear that R.C. 4123.60 does not apply, here, as the record shows that Mills

immediately died from his fall. He had no claims related to any injury from which he suffered prior to his death. As the incident resulted in immediate death, there are no pre-death benefits at issue, here.

{¶20} As Mills was subject to no pre-death injury, the only relevant statute is R.C. 4123.59, which is titled "Benefits in case of death; dependency." This section provides benefits for surviving dependents of a deceased worker. Unfortunately for Appellants, this section excludes both Appellants as "dependents." In relevant part, subsection (D) of that statute provides:

> (D) The following persons are presumed to be wholly dependent for their support upon a deceased employee:

> (1) A surviving spouse who was living with the employee at the time of death or a surviving spouse who was separated from the employee at the time of death because of the aggression of the employee;

> (2) A child under the age of eighteen years, or twenty-five years if pursuing a full-time educational program while enrolled in an accredited educational institution and program, or over said age if physically or mentally incapacitated from earning, upon only the one parent who is contributing more than one-half of the support for such child and with whom the child is living at the time of the death of such parent, or for whose maintenance such parent was legally liable at the time of the parent's death.

Case No. 23 MO 0024

**{¶21}** The statute also allows for a presumption of dependency to entitle a surviving natural parent or surviving natural parents, share and share alike, to a minimum monetary award, if the decedent was living with him or her parent[s] at the time of death. This section is clearly irrelevant, here.

**{¶22}** Additionally, the administrator may take into consideration any circumstances which, at the time of the death of the decedent, clearly indicate prospective dependency on the part of a claimant and that potential support might be owed on the part of the decedent. However, no person can be considered as a prospective dependent unless they are a member of the deceased employee's family, having at least the relationship of surviving spouse, lineal descendant, ancestor, or brother or sister. These persons may also be entitled to a minimal award.

**{¶23}** In all other cases, the question of dependency, in whole or in part, is determined in accordance with the facts existing at the time of the injury that resulted in the death of the employee. No person will be considered to be a dependent unless that person is a family member of the deceased employee, or is a surviving spouse, lineal descendant, ancestor, or brother or sister.

**{¶24}** For purposes of determining the appropriate claimant in a death benefit claim, we may only look to the statutes and administrative law. "Only a statutorily defined 'dependent' — usually a surviving spouse or a dependent child — may claim an allowance for death benefits." *Ochs v. Bur. of Workers' Comp.*, 2010-Ohio-2103, ¶ 14 (8th Dist.). In reviewing the definitions contained in R.C. 4123.59, it is apparent that Appellants do not fit any definition of a claimant or family member. Their status was reviewed

Case No. 23 MO 0024

administratively by the BWC, where it was determined that they are not statutorily defined dependents and may not bring an action for death benefits in their own names.

{¶25} Additionally, the record reveals they cannot bring such an action on behalf of Mills' estate. Appellants have offered no evidence that either of them are Mills' heirs or his executor. There is no mention within their complaint whether Mills died testate. If testate, Appellants have not affixed a copy of the will. If he died intestate, there is no allegation in the complaint that either Appellant would be entitled to inherit under the intestacy laws of Ohio. Although neither party has provided the name of the executor of Mills' estate, it is clear that it is not either of the Appellants. Thus, Appellants are also barred from bringing an action for death benefits in Mills' name on behalf of his estate.

{¶26} All parties cite to a recent case where the Ohio Supreme Court reviewed the question of whether a fiancé is a member of a deceased's family for purposes of R.C. 4123.59; *State ex rel. McDonald v. Indus. Commission*, 2023-Ohio-1620. *McDonald* addressed whether the fiancé of a deceased employee could qualify as a claimant by virtue of R.C. 4123.59(D). *McDonald* highlights the problem faced by Appellants on the question of standing, as the claimant in *McDonald* properly filed a writ of mandamus seeking to confirm her status, a course of action Appellants concede that they failed to take. In fact, on this issue related to standing, the *McDonald* court explained that "[t]he commission's denial of death benefits based on its determination that the claimant was not a dependent of a deceased employee does not 'concern[ ] the causal connection between injury, disease, or death and employment' and, thus, is not appealable." *Id.* at ¶ 7, citing *State ex rel. Liposchak v. Indus. Comm.*, 90 Ohio St.3d 276, 281 (2000); R.C. 4123.512(A). Because the statutory scheme does not allow for a further administrative

appeal to the common pleas court on the issue of denial of dependent status, which is considered an "extent of disability" claim expressly prohibited by R.C. 4123.512(A), absent a prior determination in a mandamus action establishing dependency, the administrative denial is final and may not be further appealed to the common pleas court.

{¶27} Appellants inaccurately claim, here, that their complaint does not involve their status as dependents. In their complaint, they state that they are "appealing the order and decision of the Industrial Commission of Ohio mailed June 10, 2023 in Claim No. 21-185349." (Complaint, p. 2.) They contend their appeal solely addresses Mills' right to death benefits under the statute. Appellants never limited their appeal to only the portion of the order that addressed whether the decedent died in the course of his employment. Instead, they appealed the entire order, including the determination that they are not dependents. Their complaint alleges: "Plaintiffs-Appellants further state that at the time of Adam C. Mills' death they were fully dependent on him," and that "Plaintiffs-Appellants prays [sic] that judgment be rendered against Appellees, that they be allowed to participate in the State Insurance Fund." It was not until Appellants' response to West Roofing's motion to dismiss that they conceded they could not challenge their status as dependents in a mechanism other than a mandamus action. Even with this acknowledgment, they contend that as "the language of R.C. 4123.59 allows those that are dependents to of [sic] the deceased to seek death benefits," they should be allowed to file an appeal of the denial of Mills' death claims. They argue that they had standing to file the appeal denying benefits as being work-related merely based on the fact that they filed an application for death benefits to the administrative agency.

**{¶28}** Here, even if Appellants' contention that the sole issue on appeal is their right to participate due to Mills' death from a work-related incident, they must still demonstrate their dependency in order to have standing to seek and/or recover these benefits. The fiancé in *McDonald* did just that. She filed a writ of mandamus contesting the BWC's decision that she was not a dependent pursuant to R.C. 4123.59, allowing the matter to proceed to a final determination of her dependency.

**{¶29}** *McDonald* focused on the final paragraph of R.C 4123.59(D), which expands the definition of possible claimants under certain circumstances. Even though the *McDonald* claimant did appropriately pursue her claims regarding status in a mandamus action, which Appellants failed to pursue, *McDonald* is still instructive. In *McDonald*, the following facts were adduced as to the relationship between the decedent and his fiancé:

> [S]he had been in a relationship with McDonald for 11 years; she is the mother of his two children; she and McDonald had owned real property jointly with a right of survivorship; they had been jointly responsible for the mortgage on the real property; they had been jointly liable for several credit-card accounts and vehicle leases or payments; they each had life-insurance policies naming the other as the sole beneficiary; she worked part-time, roughly eight hours per week; McDonald had provided the primary financial support for her and for their children; and they had been "engaged to be married and had every intention of being married if not for this accident."

*Id.* at ¶ 2.

Case No. 23 MO 0024

**{¶30}** A district hearing officer determined that McDonald's fiancé was a member of the decedent's family. On further review the decision was reversed, as the couple had never married. The fiancé sought to establish her dependency in a mandamus action. The Tenth District, in turn, reversed the BWC decision, as the agency failed to fully review the facts presented by the fiancé in determining whether she should be considered to be a member of the decedent's family and if so, whether she was dependent on the decedent. *Id.* at ¶ 6.

**{¶31}** The facts of the instant case are far different than *McDonald's.* The fiancé in *McDonald* had been in a relationship with the decedent for eleven years and they intended to marry. Mills and Appellant Dunn had not obtained a marriage license. It is unclear how long Appellant Dunn had been in a relationship with the Decedent. However, evidence was presented that they had a turbulent relationship. In particular, while they lived together, the "Decedent would leave the dwelling and sleep in a van on the employer's property due to discord in the relationship." In contrast, in *McDonald*, the decedent and his fiancé owned real property jointly, with rights of survivorship, and both were jointly responsible for the mortgage.

**{¶32}** The *McDonald* couple were also jointly responsible on several credit cards and vehicle loans. The *McDonald* couple had named one another beneficiaries on their respective insurance policies. In the instant case, Mills and Appellant Dunn had no joint bank accounts, no jointly held real estate, and filed their taxes separately. The *McDonald* fiancé worked only eight hours a week and the decedent provided primary financial support. In the instant case, Mills and Appellant Dunn purchased "many things" separately. The *McDonald* couple were the biological parents for their children. In the

instant case, Mills was not the father of his fiancé's child and they had no children together. And again, the fiancé in *McDonald* filed a mandamus action prior to filing a further administrative appeal to the common pleas court, seeking to establish dependency on the decedent and her status as an appropriate claimant in a case involving the right to participate in the workers' compensation fund.

**{¶33}** While Appellants attempted to provide additional facts to support their claim at oral argument concerning this analysis, those facts are not in the appellate record, and we are not permitted to consider them.

**{¶34}** Appellants put themselves in a procedural bind in this matter, as they failed to file a mandamus action to establish their status as dependents and failed to properly request a stay of the BWC decision in order to seek a writ of mandamus to establish themselves as dependents pursuant to statute. As they are not dependents, nor are they executors of Mills' estate, they lack standing to appeal the denial of the administrative agency, a denial made on the basis that he did not die due to work-related reasons and, thus, had no right to participate in the fund. As such, the trial court correctly determined that as Appellants had no standing to bring this R.C. 4123.512(A) appeal, they failed to state a claim on which to base any recovery. Consequently, Appellants' sole assignment of error is without merit and is overruled.

Conclusion

**{¶35}** Appellants argue that the law does not preclude them from filing for death benefits, as they contend they are members of the deceased's family pursuant to the relevant statute. The BWC determined that they were not Mills' dependents, nor were they appropriate claimants under any provision of the relevant law. Thus, Appellants have

no standing to file their administrative appeal in this matter, as they do not meet the requirements of the statute. The trial court properly dismissed the matter. For the reasons provided, Appellants' arguments are without merit and the judgment of the trial court is affirmed.

Hanni, J. concurs.

Dickey, J. concurs.

_____

For the reasons stated in the Opinion rendered herein, Appellants' assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is affirmed.  Costs to be taxed against the Appellants.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**